UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

LAURA HANSEN,

    Plaintiff,

v.

STATE OF MINNESOTA, ANN L. ALTON, GARRY LARSON, JANET POSTON, HENNEPIN COUNTY DEPARTMENT OF CORRECTION, ROLLIE KING, DALE MOSELLE, CITY OF MINNETONKA, STEVE W. OWENS, BRENT JOHNSON, JOHN DOE, PHILIP PASCHAL, JOHN MONSON, JASON SWENSON, DESYLE PETERSON, LAUREL M. HERSEY, ROLF A. SPONHEIM, and JOHN WIENARD,

    Defendants.

---

Civil No. 10-3618 (SRN/JJK)

**REPORT AND RECOMMENDATION**

This matter is before the undersigned United States Magistrate Judge on Plaintiff's application for leave to proceed in forma pauperis, ("IFP"), (Docket No. 2), her motion for leave to file a second amended complaint, (Docket No. 10), and her "Second Motion For Leave To Afford The 'Second Amended Complaint,' To Be Prepared And Proof Read By An Attorney Or Any Other Volunteer," (Docket No. 13). The matter has been referred to this Court for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, the Court will recommend that Plaintiff's pending motions be denied, and that this action be dismissed without prejudice.

Plaintiff commenced this action in August 2010, by filing a self-styled complaint, and an application to proceed IFP. (Docket Nos. 1 and 2.) Those documents were reviewed by this Court immediately after they were filed. The Court determined that

Plaintiff's IFP application could not be granted, because her complaint was inadequate. In an order dated September 2, 2010, (Docket No. 4), the Court informed Plaintiff that her IFP application would not be granted "at this time," because her complaint did not state an actionable claim for relief. The order explained that Plaintiff's complaint was inadequate, because it did not set forth a comprehensible compilation of factual allegations that could support a cause of action on which relief could be granted. Plaintiff was granted leave to file an amended complaint, so she could try to cure the defects found in her original pleading. The Court's prior order also apprised Plaintiff that she probably would need legal assistance to prepare a viable pleading. Plaintiff was referred to the Federal Bar Association, (FBA), and she was encouraged to contact that organization to see whether it could refer her to a lawyer who could help her prepare and file an actionable pleading.

Plaintiff apparently tried to contact the FBA, but she was unable to retain an FBA attorney before the expiration of the original deadline for repleading. After seeking and obtaining two extensions of the deadline for filing an amended complaint, Plaintiff still did not retain a lawyer. Shortly after the expiration of the last extended deadline to amend, Plaintiff finally filed her first amended complaint without the aid of counsel. (Docket No. 9.)

Plaintiff's first amended complaint did not cure the serious shortcomings of her original complaint. The first amended complaint, like Plaintiff's original pleading, does not present a coherent and comprehensible description of a set of historical facts that would support a cause of action on which relief could be granted.

Plaintiff apparently recognized that her first amended complaint was inadequate, because just a few weeks after that pleading was filed, she filed a motion seeking leave to

2

file a second amended complaint. (Docket No. 10.) That motion was accompanied by a copy of Plaintiff's proposed second amended complaint, (Docket No. 11), as required by Local Rule ["LR"] 15.1.[1] Before the Court had an opportunity to rule on Plaintiff's motion for leave to file a second amended complaint, she filed yet another motion to amend, (Docket No. 13), to which she attached yet another proposed pleading.

Recognizing that leave to amend is to be freely give[n] when justice so requires," (Fed. R. Civ. P. 15(a)(2)), the Court will recommend that both of Plaintiff's pending motions to amend be granted, and that Plaintiff's proposed new pleadings – the Exhibit currently filed as Docket No. 11, and the Exhibit currently attached to Docket No. 13 – be filed by the Clerk of Court as new pleadings. However, the Court will further recommend that this action now be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), because Plaintiff still has not pleaded a cause of action on which relief can be granted.[2]

Each of Plaintiff's successive amended complaints in this case was required to be a complete, fully-integrated, pleading that does not attempt to incorporate any allegations

---

[1] LR 15.1 requires that –

"A party who moves to amend a pleading shall file such motion and <u>shall attach to the motion: (1) a copy of the proposed amended pleading</u>, and (2) a redline comparing the proposed amended pleading to the party's operative pleading. If the Court grants the motion to amend, the moving party shall file the amended pleading with the Clerk of Court. Any amendment to a pleading, whether filed as a matter of course or upon a motion to amend, must, except by leave of Court, <u>reproduce the entire pleading as amended</u>, and may not incorporate any prior pleading by reference." (Emphasis added.)

[2] As noted in the Court's prior order, § 1915(e)(2)(B)(ii) provides that a plaintiff's IFP application will be denied, and his or her lawsuit will be dismissed, if the plaintiff's complaint fails to state a cause of action on which relief can be granted.

from earlier pleadings. (See LR 15.1, quoted at n. 1, supra.) Thus, if both of Plaintiff's motions to amend are granted, (as the Court is recommending), the proposed second amended complaint, (Docket No. 11), would supercede the first amended complaint, and Plaintiff's latest amended pleading – the attachment to the latest motion to amend, (Docket No. 13) – would supercede all of Plaintiff's prior pleadings and become her one final complaint in this case. In other words, because each of Plaintiff's new pleadings superceded the immediately preceding one, the only pleading actually before the Court at this time is the one attached to the latest motion to amend, (Docket No. 13).

Plaintiff's final complaint clearly fails to state any cause of action on which relief can be granted. That pleading is just a series of numbered paragraphs, in which Plaintiff seems to be advancing some indecipherable new legal theory. Plaintiff's final pleading does not set forth any historical facts, and it does not mention any of the named Defendants. Even with the benefit of liberal construction, it is abundantly clear that Plaintiff's most recent pleading fails to state any cause of action on which relief can be granted.

Moreover, even if all of Plaintiff's submissions in this case are considered together, the Court still finds that she has not pleaded an actionable claim for relief. Plaintiff's original complaint was found to be inadequate, because it did not present a comprehensible set of facts that fairly apprised each individual defendant of why he or she was being sued. Plaintiff has now filed three more pleadings, which have given her three more chances to present a clear and cogent description of the factual and legal bases for her lawsuit. However, Plaintiff still has not clearly described what the named

4

Defendants allegedly did, or failed to do, that has caused them to be sued. Indeed, the allegations in Plaintiff's various amended pleadings are, perhaps, even more inscrutable than the allegations in her original complaint.

Because Plaintiff still has not submitted a viable pleading that states an actionable claim, the Court will now recommend that Plaintiff's IFP application be denied, and that this action be summarily dismissed, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

RECOMMENDATION

Based upon the above, and upon all the records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's application for leave to proceed <u>in forma pauperis</u>, (Docket No. 2), be **DENIED**;

2. Plaintiff's motion for leave to file a second amended complaint, (Docket No. 10), be **GRANTED**, and Plaintiff's proposed second amended complaint, (Docket No. 11), be filed by the Clerk of Court as a "Second Amended Complaint;"

3. Plaintiff's "Second Motion For Leave To Afford The 'Second Amended Complaint,' To Be Prepared And Proof Read By An Attorney Or Any Other Volunteer," (Docket No. 13), be **GRANTED**, and the pleading attached to that motion be filed by the Clerk of Court as a "Third Amended Complaint;" and

4. This action be **SUMMARILY DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Dated:   January 27, 2011

*s/ Jeffrey J. Keyes*
JEFFREY J. KEYES
United States Magistrate Judge

Under D.Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **February 14, 2011**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under this rule shall be limited to 3500 words. A judge shall make a de novo determination of those portions of the Report to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.